JAMES H. MILLIMAN, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries sustained by defendant s alleged negligence, plaintiff's evidence tended to show that he was a passenger on defendant's road; that the name of the station to which he was destined was called out, and the train stopped; that, as he reached the platform of the car, it started back with a sudden jerk, which threw him forward, and he fell through between the cars; that the train immediately started forward again, and while plaintiff lay on the

track he was struck by a car-wheel, either as the train moved backward or forward. The court charged, in substance, that if this was true, and the motion backward was caused by the engine, defendant was charge able with negligence, and that it was immaterial whether the injury was caused by the motion forward or backward. *Held,* no error ; that a jerking of a train backward, under such circumstances, was negligence, and that the latter part of the charge was to be interpreted as referring to the immediate, not to the proximate, cause of the injury.

The fact that a man is intoxicated does not alone deprive him of the right to ride upon a railroad car, nor does it free the company from its duty to render to him, as a passenger, due care. It is the duty of a carrier of passengers to observe the same care to a drunken as to a sober passenger.

(Submitted June 5, 1876 ; decided June 13, 1876.)

THIS was an action to recover damages for injuries alleged to have been caused by defendant's negligence.

Plaintiff's evidence tended to show that he was a passenger on one of defendant's trains from Palmyra to Macedon ; that when the train approached the latter station the whistle blew, the conductor called out the name of the station and the train stopped ; as plaintiff reached the car door and was in the act of stepping out upon the platform the train started backward with a violent jerk, which threw plaintiff forward, and he fell down through, between the car and the one forward of it, on to the track ; the train then started forward ; plaintiff was struck by one of the wheels and was seriously injured. Defendant's evidence tended to show that plaintiff was intoxicated at the time. The court charged, among other things, as follows : " It is alleged that the defendant was negligent in the operation of the train ; that after it had arrived at the station, and having given the signal, and after the train had been stopped for the purpose of enabling the passengers to alight, the train was suddenly and without warning moved, and the plaintiff was thrown between the cars and sustained the injury. It will not make any difference whether it was a motion backwards or forwards which occasioned the injury ; if the injury was occasioned by that, the plaintiff's case is made out." The counsel for defendant " excepted to the charge, that it would be negligence to run either forward or backward." *Held,* that the exception was

not in the language of the charge, but that the charge was to be interpreted as referring to the immediate cause of the phy sical injury and not to the proximate cause, and as so interpreted was correct.

The court charged in substance, that the jerk backward must have been caused by the machinery attached to the train, to constitute negligence; that if it was simply the jerk sometimes occasioned by a train which is stopping, it would not establish negligence. Defendant's counsel requested the court to charge, " that unless the train was backed up by the power of the locomotive, the same being reversed for that purpose, there was no negligence on the part of the defendant." The court refused to charge other than as he had already charged. *Held*, no error.

Upon the question of intoxication, the court charged as follows: " An intoxicated man has a right to ride upon the cars. The defendant is as liable for an injury to the intoxicated man as well as to the sober man. Intoxication, as we all know — it is a matter of our observation if not experience — that intoxication makes a man less capable for the protection of his own life and limb. It tends to deprive a man of the ability to exercise that care. If you find that the plaintiff has failed to exercise the reasonable care for his own safety, whether from intoxication or not, he cannot recover. If you find that the plaintiff was intoxicated, that proof may go to render it more probable that he was guilty of that degree of negligence which would make it more improbable for him to recover. It would bear upon the probability or improbability, that the plaintiff was guilty of negligence which contributed to the injury which he sustained."

Defendant's counsel excepted to the charge, " in regard to defendant not being excused, if a man was injured although intoxicated;" and it was claimed on argument that a drunken man had no right to ride on a railroad train, citing *Putnam* v. *B. and Seventh Av. Railroad Co.* (55 N. Y., 108), and the provision of the statute authorizing the arrest of a man intoxicated in a public place. (Laws of 1857, chap. 628, § 17.) *Held*, that the charge was proper; that the decision referred to expressly recognized the right of the intoxicated man to ride

in a public car, so long as he kept quiet and did not interfere with others (p. 114); and that if the statute cited forbids an intoxicated man from appearing in a public place it affixes the penalty for so doing, and no one is authorized to punish him otherwise. The court stated the rule, substantially, as above.

*W. H. Adams* for the appellant.

*J. H. Camp* for the respondent.

FOLGER, J., reads for affirmance.
All concur; ALLEN, J., not sitting.
Judgment affirmed.