## KLEFFMANN v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department.  May 5, 1905.)

**1. STREET RAILWAYS—INJURIES TO PASSENGERS—NEGLIGENCE—CONTRIBUTORY' NEGLIGENCE—SUBMISSION TO JURY—SUFFICIENCY OF EVIDENCE.**

In an action against a street railway for personal injuries received by plaintiff, a passenger, evidence *held* sufficient to justify submission to jury of questions of defendant's negligence and plaintiff's lack of contributory negligence.

**2. SAME—CAR PLATFORM—DANGEROUS POSITION—KNOWLEDGE OF—DUTY OF PASSENGER.**

A passenger on a street car cannot voluntarily place himself in a position of danger, with knowledge of the fact, and then charge dereliction on the street car company in performing its duty, if he could have removed himself from the dangerous position and thus escaped injury.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1375.]

**3. SAME—CONSTRUCTION OF HORSE STREET CAR—JUDICIAL NOTICE.**

The court may take judicial notice of the construction of an ordinary horse street car.

**4. SAME—INSTRUCTIONS—ERROR.**

Plaintiff boarded one of defendant's cars, and stood on the front platform, holding onto a rail behind him. The driver urged the horses to a gallop, and, when one of them partially fell, whipped it, causing it to start the car with a jerk, which threw plaintiff off, and he was injured. Plaintiff became aware of his dangerous position while the horses were galloping, but did not move, though he could have held onto the rail with one hand and opened the car door with the other, or could have requested the conductor to open it and help him into the car. *Held*, that the refusal to charge, as requested by defendant, that, "if plaintiff had reason to apprehend danger to himself on account of the speed of the car, it was his duty to go inside the car," was error.

**5. SAME.**

A charge which was general in character, and left the jury to consider all the circumstances, and then say whether plaintiff exercised the care and caution of an ordinarily prudent person, did not properly present the question of the apprehended danger of plaintiff's position and his duty to enter the car.

Patterson and O'Brien, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by August Kleffmann against the Dry Dock, East Broadway & Battery Railroad Company.  From a judgment for plaintiff, and from an order denying its motion for a new trial, defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Louis Steckler, for respondent.

HATCH, J.  This was an action brought to recover damages for injuries claimed to have been sustained by reason of the negligence of the defendant.  The plaintiff testified that he boarded one of the defendant's east-bound horse cars at the southeast corner of

Beach and Hudson streets, in the city of New York, on the 9th day of May, 1900, at about 11 o'clock at night. He boarded the car by the front platform, passed to the left side in the rear of the driver, and placed his back against the front of the car, grasped the rod in his rear with both hands, and stood facing the horses. The car contained at the time but two passengers, and there was plenty of room for the plaintiff inside the car. He gave as his reason for remaining on the front platform that he was smoking, and testified that he had used this street car line for 15 years, and had ridden very many times on the front platform of the car. He further testified that, as the car proceeded, the driver kept whipping his horses, and they were going upon a gallop; that the car jounced so that he did not dare to let go his hold of the rod and attempt to get inside the car; that he thought his position was dangerous, and that he would have gone inside had he dared, and did not because it was going so fast; that the conductor rapped on the front door of the car for his fare, and he released one hand from its hold upon the cross-rod, took a nickel out of his outside pocket, and passed it through a small slide in the door, which the conductor had opened for that purpose; that after he had paid his fare the driver still continued to whip the horses, when suddenly one of them stumbled and partially fell, and as it got up the driver struck it with the whip, and it started the car with a jerk which threw the plaintiff off the platform, and the wheels passed over one leg, lacerating it badly and crushing the bone. The injuries thus sustained were quite serious. The plaintiff's testimony was corroborated by one witness, who stated that he saw the horses galloping and the car going about eight miles an hour, and that it was jouncing up and down. He did not see the plaintiff fall off the car, nor did he testify that he saw the horse fall. Other witnesses testified to some slight corroborating facts as to the jolt of the car, but in the main the case rested upon the uncorroborated testimony of the plaintiff. It was claimed by the defendant that the plaintiff was in an intoxicated condition at the time, and that it was by reason of such intoxication that he was unable to retain his place. The plaintiff admitted having visited several saloons, and taking several drinks of wine and seltzer, but claimed that he was not intoxicated. The physician who attended him at the hospital testified that he was intoxicated when he arrived there; but the plaintiff, in answer to this claim, gave proof by a policeman that after the injury he was given a large drink of brandy, which produced the condition to which the physician testified.

The evidence to support the theory that the plaintiff exercised due care is meager in the extreme. I have reached the conclusion, however, that there was enough in the evidence to justify a submission of the case to the jury upon the question of the defendant's negligence and the lack of contributory negligence upon the part of the plaintiff. The unsatisfactory character of the testimony in support of the plaintiff's claim, and the practical preponderance of testimony showing that he was under the influence of liquor, cre-

ates a condition where the rights of the defendant are to be carefully guarded, and, under such circumstances, the proceedings had upon the trial, and the rulings of the court upon the evidence and in its charge to the jury, will be scrutinized with care.

It clearly appears that the plaintiff knew while he was upon the platform, and before he fell, that his position was dangerous. He could not voluntarily place himself in a dangerous position, with knowledge of the fact, and then charge dereliction upon the defendant in performing its duty, if he could have removed himself from the dangerous position and thus escaped injury. The plaintiff's only answer is that he did not dare release his hold upon the rail of the car and pass through the door. We may take judicial notice of the construction of an ordinary horse street car. The plaintiff without difficulty released his hold of one hand to produce the five-cent piece which he paid for his fare. It was at that time that the driver was whipping his horses and they were galloping, and the plaintiff was aware of his dangerous position. He could have maintained his hold with one hand and opened the door with the other, or he could have requested the conductor to open the door and assist him into the car, if necessary. He did nothing, but remained in his dangerous position until he was jostled off. Upon this subject, the court was asked to charge:

"That, if the plaintiff had reason to apprehend danger himself, on account of the speed of the car, it was his duty to go inside the car.

"The Court: I decline to charge in the exact language as requested. I say this, gentlemen, that it is for you to take into consideration all the circumstances—the horses, the car, the speed at which it was going, the number of persons on board of the car—and then bear in mind that it was the duty of the plaintiff, under the circumstances, to exercise such care and caution to avoid accident as a person of ordinary care and prudence would have exercised under the circumstances."

The request to charge was in all respects proper, and the defendant became entitled to have the jury instructed as requested, either in the language or its equivalent. Lyons v. Avis, 5 App. Div. 196, 38 N. Y. Supp. 1104. Nothing had been said upon this subject in the general charge of the court, and the testimony of the defendant to which we have already adverted shows with clearness the applicability of the request. The charge as made did not cover the point. It was general in character, and left the jury to consider all the circumstances, and then say whether the plaintiff exercised such care and caution as would have been used by an ordinarily prudent person. That, however, was not the question presented by the request. It related to a concrete fact, to wit, the apprehended danger of the position which the plaintiff occupied, and his duty to go into the car. Appreciating the danger of his position, the law characterized his failure to act as imprudent, and the defendant was entitled to have the jury so instructed. Odell v. N. Y. Cen. & H. R. R. R. Co., 120 N. Y. 323, 24 N. E. 478, 17 Am. St. Rep. 650; Magar v. Hammond, 171 N. Y. 377, 64 N. E. 150, 59 L. R. A. 315. As the charge of the court did not present this question to the jury, and as the defendant was entitled to have it

so presented, it follows that the court fell into error in refusing to charge it.

For these reasons, the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., concurs. LAUGHLIN, J., concurs, on the ground that the verdict as to plaintiff's freedom from contributory negligence is against the weight of evidence. PATTERSON and O'BRIEN, JJ., dissent.