or north-bound track when his wagon was struck on the rear wheel, and he was thrown out and sustained serious injuries. He called no other witness to the occurrence but a fellow employé of his, who arrived on the scene immediately after the accident, saw the wagon, and testified that the rear wheel was broken or damaged, but he did not examine the front wheel.

The defendant called four witnesses. One of them (Grandon) was a spectator of the accident. He was at the northeast corner of Ninety-Sixth street and Third avenue, and while standing there he saw the plaintiff's wagon a few feet west of the west line of Third avenue. The car was then at the south crossing of Ninety-Sixth street; the plaintiff was going very fast, the motorman was applying the break, and the collision occurred because the motorman could not stop in time. The motorman says that he saw the plaintiff near the westerly line of Third avenue, and the car was then about three feet south of the south crossing; that the plaintiff drove right ahead, and the motorman could not stop the car. The testimony of the conductor, so far as it goes, corroborates the statement of the motorman, but there was a woman passenger (Mooney) on the car who testified that, when the car was 10 or 17 or 20 feet from the south crossing, she saw the plaintiff about 10 feet away from the north-bound track, and that he was driving fast.

The evidence is clearly preponderating to the effect that the car was near the south cross-walk of Ninety-Sixth street when the plaintiff was at the west line of that street; that he was driving fast and attempted to cross in front of the car, which was slowing down; that the motorman was ringing his bell, and all reasonable precautions were taken to prevent a collision with the plaintiff's wagon.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### KLEFFMANN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

CARRIERS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

Where plaintiff boarded a horse car and stood on the front platform while the car was being driven rapidly and was bouncing up and down in such a manner that he realized that it was a dangerous position, but made no effort to go inside, where there was plenty of room, he was guilty of contributory negligence, and could not recover for injuries.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1376, 1378.]

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by August Kleffmann against the Metropolitan Street Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before PATTERSON, INGRAHAM, CLARKE, LAUGHLIN, and SCOTT, JJ.

Charles F. Brown, for appellant.
J. Brownson Ker, for respondent.

SCOTT, J.   When this case was before this court upon a former appeal (104 App. Div. 416, 93 N. Y. Supp. 741), while the judgment was reversed for an erroneous refusal to charge, much doubt was expressed whether the plaintiff had successfully sustained the burden of showing his own freedom from negligence.  His evidence in the present record is even more unsatisfactory upon that point, and the evidence as to defendant's negligence is far from convincing.  The plaintiff boarded a horse car and stood upon the front platform smoking a cigar.  He says that the car was driven rapidly and was bouncing up and down in such a manner that he realized that it was dangerous to remain where he was, yet he made no effort to go inside, where there was plenty of room. No reason is shown why he could not have entered the car if he had been so minded, and the fact that he recognized and appreciated the danger of his position and made no effort to put himself in a place of safety convicts him of imprudence, since the accident from which he suffered could not have happened if he had not persisted in a position which he knew to be dangerous.   Odell v. N. Y. C. & H. R. R. R. Co., 120 N. Y. 323, 24 N. E. 478, 17 Am. St. Rep. 650 ; Magar v. Hammond, 171 N. Y. 377, 64 N. E. 150, 59 L. R. A. 315.   Under these circumstances the verdict in his favor should not have been allowed to stand.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.

LAUGHLIN and CLARKE, JJ., concur.   PATTERSON, J., dissents.

INGRAHAM, J.   I concur with Mr. Justice Scott.  I also think that there was no evidence of negligence on the part of the defendant. The accident was caused by one of the horses stumbling and the driver struck the horse with the whip which caused the horse to jump forward, which sudden movement, as the plaintiff alleges, threw him from the platform.  If, when the horse stumbled, the driver considered it necessary to prevent the horse from falling that he should strike him with a whip, the striking of the horse was not negligence which made the defendant liable for the accident.

