EDWARD T. BUCKINGHAM, Appellant, *v.* EAGLE WAREHOUSE AND STORAGE COMPANY, Respondent.

Second Department, December 5, 1919.

**Motor vehicles — negligence — injury by collapse of vehicle towed by motor truck — erroneous charge.**

Where the plaintiff hired the defendant's motor truck to move his household effects and against the chauffeur's advice insisted on riding in a wagon owned by him which was attached to the motor truck as a trailer, and was injured by reason of the fact that the rear wheel of the wagon collapsed as the vehicles were moving over a rough pavement in the vicinity of car tracks, it was error for the court to charge that the plaintiff, by insisting on riding in his own wagon, notwithstanding the warning, was a trespasser and not there as a matter of right.

BLACKMAR, J., and JENKS, P. J., dissented in part, with opinion.

APPEAL by the plaintiff, Edward T. Buckingham, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 22d day of January, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

Defendant's large van, operated as an auto truck, had been

engaged to take the plaintiff's furniture from Grand street, Brooklyn, to Port Jefferson, L. I., a run of about fifty-two miles.

For additional compensation, defendant was also to take behind as a " trailer " plaintiff's single wagon loaded with plants on side shelves, with a crate of chickens behind. Defendant's driver refused to take the wagon attached by shafts, so a blacksmith put in a pole which was lashed to the van. When about starting plaintiff was offered a seat in the van, but he preferred to sit in his wagon. His feet were on the ·dashboard or step. When these vehicles, thus joined, were passing eastward along Metropolitan avenue (where are double street car tracks) the spokes of the rear left wheel of the wagon broke and partly collapsed. Plaintiff was thrown out and received the injuries which are the subject of this action. The jury found for the defendant.

*Henry M. Dater [Jay S. Jones, Edward J. Fanning and L. Victor Fleckles* with him on the brief], for the appellant.

*James I. Cuff,* for the respondent.

PUTNAM, J.:

An issue of fact was raised as to how the wagon wheel came to break down. Was it from the van's quick swerve to pass a vehicle being overtaken, throwing the wheel laterally against the car track, as plaintiff testified, or did this wheel collapse from its load, without contact with the car track, as defendant's witnesses asserted? With this was involved the question of disputed speed just before the breakdown. Plaintiff said that speed was fifteen miles an hour. Defendant's chauffeur insisted that he went at only four miles speed along this part of Metropolitan avenue. When reminded that at such rate it would take thirteen hours to get to Port Jefferson, he answered, that with a rough street a chauffeur would take it easy; " when you come to a car track like that you aren't going to go fifteen miles." Asked on re-direct, why at this particular time he went only four miles, he replied significantly: " I knew if I went any faster this wagon wouldn't be able to stand for it. Q. Was that on account of the condition of the street? A. On account of the condition of the wagon and the street both."

There was a certain hazard in riding in such a loaded

trailer. In choosing to go there instead of riding on the van, plaintiff took the ordinary risks from such a transportation, with the possibilities of this traction causing some side motion to the trailer. But while on his own wagon he was not a trespasser. The court, however, charged: " If the plaintiff was told that he could not ride upon his wagon, and he nevertheless persisted in doing so, notwithstanding the warning which the defendant claims was given to him, he was a trespasser; he was not there as a matter of right." This was duly excepted to. For that error there must be a new trial, with costs to abide the event.

MILLS and RICH, JJ., concurred; BLACKMAR, J., read for affirmance, with whom JENKS, P. J., concurred.

BLACKMAR, J. (dissenting):

We agree that the court erred in charging the jury that they might find that plaintiff was a trespasser upon his own wagon, but we differ on the question whether the error was harmful. An erroneous charge does not injure a plaintiff who has no cause of action; and such is the case here.

It cannot be disputed that in voluntarily and needlessly riding on the trailer the plaintiff assumed the added risks due to such method of transportation. As to such risks, such assumption is often considered as equivalent to contributory negligence. (*Clark* v. *Eighth Avenue R. R. Co.*, 36 N. Y. 135; *Kleffmann* v. *Metropolitan Street R. Co.*, 116 App. Div. 334; *Magar* v. *Hammond*, 171 N. Y. 377; *Ward* v. *International R. Co.*, 206 id. 83.) However, it seems to me that assumption of risk and contributory negligence are not the same thing, although they may have the same effect on a plaintiff's right to recover. Assumption of risk is the voluntary acceptance of a hazard, and under the doctrine *volenti non fit injuria* one has no cause of action for injury due to a hazard so assumed. If an injury is due partly to a risk assumed and partly to the negligence of another, there is no cause of action; for apportionment of damages is unknown to our law. There is no evidence to sustain a finding that plaintiff's injury was due to any negligent act of defendant not contributed to by the hazards that plaintiff assumed. The plaintiff testified that the van drawing the trailing wagon,

going at the rate of fifteen miles an hour, " swung out to go ahead of another truck, and in swinging out it threw the wheel against the off track and turned it off and threw me out." It appeared that the wheel of the trailer was broken or sprung. It is not negligence to turn to the left to pass a slow-going truck while driving at an ordinary rate of speed. In so doing the wheel of a heavily laden wagon, trailing behind without means of steering or guiding it, is apt to be thrown against a rail of a street car track. This is one of the hazards that plaintiff assumed and it contributed to the accident.

I recommend that the judgment and order be affirmed, with costs.

JENKS, P. J., concurred.

Judgment and order reversed and new trial granted, with costs to abide the event.