AMELIA M. FARDETTE, as Administratrix, etc., of BRENTWOOD F. FARDETTE, Deceased, Respondent, Appellant, *v.* NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant, Impleaded with FARRON S. BETTS, Respondent.

Second Department, January 23, 1920.

Railroads — negligence — death of passenger caused by falling from rear platform of trolley car — intoxicated passenger ordered by conductor to ride upon rear platform — negligence and contributory negligence — erroneous charge — duty of railroad toward intoxicated passenger — contributory negligence arising through intoxication — passenger run over by automobile after falling from trolley car — verdict for defendant affirmed.

A common carrier owes a special duty to protect a passenger because of the fact that he is intoxicated which duty does not ordinarily exist, and in the latter case, if intoxication is a contributing cause to the injury, it is a bar to an action therefor.

Where the plaintiff's intestate, having been fishing, boarded the defendant's trolley car in an intoxicated condition and was ordered by the conductor not to go into the car with the other passengers, but to stand upon the rear platform from which he subsequently fell when the car was rounding a curve and was thereupon run over by the automobile of another defendant following the car, it was error so to charge that the question of contributory negligence of the railroad company was withdrawn from the

jury, for, while neither the intoxication of decedent nor the fact that he was riding on the rear platform as directed by the conductor, affords a basis from which the inference of contributory negligence can be drawn, yet under the circumstances the decedent was not relieved by his voluntary intoxication from the duty of using such care as he was capable of using, and where it appears that he stood near the edge of the platform in an insecure position and was boisterously waving an American flag at the time of the accident his contributory negligence was a question for the jury.

Under the circumstances it was error to allow the jury to charge the conductor with " intentional mischief " which would bar the defense of contributory negligence, there being nothing in the case to warrant such finding.

As the decedent, although intoxicated, had a right to ride with a common carrier and the defendant might have become liable had the conductor permitted him to go among the other passengers and might also have been liable if the decedent had been put off into the street, the conductor had to steer between alternate dangers, and hence his negligence depended in part on the degree of the decedent's intoxication as it appeared to him and raised a question of fact for the jury.

Although there was a question of fact as to the liability of the defendant who ran over the decedent after he fell from the car a verdict in favor of such defendant was warranted by the evidence and will be affirmed.

APPEAL by the defendant, New York and Stamford Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 3d day of April, 1918, upon the verdict of a jury for $8,000, and also from an order entered in said clerk's office on the same day denying said defendant's motion for a new trial made upon the minutes.

Appeal by the plaintiff, Amelia M. Fardette, as administratrix, and by the defendant, New York and Stamford Railway Company, from a judgment of the Supreme Court in favor of the defendant Farron S. Betts, entered in the office of the clerk of the county of Westchester on the 19th day of June, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of May, 1918, denying their motion to set aside the verdict of the jury in favor of the defendant Betts, and for a new trial. The jury found a verdict against the defendant railway company and no cause of action as to the defendant Betts.

About eight o'clock on the evening of April 15, 1917, the decedent, with two companions, entered the street car of the defendant railway company going towards New Rochelle on

the Boston post road. They had been fishing; the decedent and at least one of his companions were intoxicated; the decedent had in his hands a bag of clams weighing about forty pounds, a fish pole and a small American flag. They boarded the car on the rear platform, and when about to enter the body of the car, according to the testimony of one of plaintiff's witnesses, they were stopped by the conductor, who " said something about being intoxicated and having clams and stuff and said we would have to stay outside." The car was full of passengers. The decedent with his two companions remained on the rear platform. The decedent was garrulous, noisy, and stood near the right-hand side of the platform with his bag of clams, waving the American flag and holding it outside where the wind would catch it. The car, proceeding at the ordinary rate of speed, reached a curve near the Ferncroft Inn, and as it oscillated in taking the curve decedent fell off, into the street. As he lay in the street between the right-hand curb and the car tracks, an automobile owned and operated by defendant Betts ran over him, as did also another automobile following that of defendant Betts. On removing decedent to a hospital it was found that he had a fractured skull. He died soon thereafter. This action was brought by his widow, as administratrix, against both defendants, claiming that the defendant railway company was negligent in failing to exercise proper care for the protection of the decedent in his intoxicated condition, and that defendant Betts was negligent in running over him as he lay in the street. The jury found in favor of defendant Betts and against the railway company. The railway company appeals from the judgment which cast it in damages, and the plaintiff from that in favor of defendant Betts, and from orders denying their respective motions for a new trial.

*Eugene F. McKinley* [*Walter J. Randolph* with him on the brief], for the appellant New York and Stamford Railway Company.

*Sydney A. Syme,* for the respondent, appellant.

*Alfred W. Meldon,* for the respondent Betts.

BLACKMAR, J.:

I think that the judgment against the defendant railway company should be reversed because of errors in the charge of the learned court on the subject of contributory negligence. A consideration of the whole charge on this subject leads to the conclusion that the question of contributory negligence was withdrawn from the jury; and although the defendant's request to charge on this subject was erroneous because it assumed that the duty of showing that the decedent was free from contributory negligence rested on the plaintiff, yet the defendant railway company excepted to that portion of the charge which withdrew the question of contributory negligence from the jury, and also to a statement of the court of like import in response to defendant's request to charge.

In cases where there is no special duty resting upon the defendant to protect the plaintiff from the results of his own intoxication, the fact that the plaintiff was intoxicated, if it was a contributing cause of the injury, is a bar to the action. (*Lynch* v. *Mayor, etc.*, 47 Hun, 524; *Ditchett* v. *Spuyten Duyvil, etc., R. R. Co.*, 5 id. 165; *Button* v. *Hudson River R. R. Co.*, 18 N. Y. 248; *Monk* v. *Town of New Utrecht*, 104 id. 552; *Kenney* v. *Rhinelander*, 28 App. Div. 246.) But this rule is modified in cases where a defendant, like a common carrier, owes to a passenger plaintiff a special duty to protect him because of the fact that he is intoxicated. (*Fagan* v. *Atlantic Coast Line R. R. Co.*, 220 N. Y. 301.) In such cases intoxication is considered a condition only under which the problem must be solved, and a remote, not proximate, cause of the injury, although it may have been present and may have affected the conduct of the plaintiff at the time of the accident. Obviously, if the defendant was under an obligation to protect the decedent against the results of his intoxication, and the accident happened partly through the failure of the defendant to furnish such protection, the very condition against which the defendant was to protect the decedent cannot bar the right of action arising from the failure of the duty to protect him. From this we must necessarily reach the conclusion that the intoxication, in and of itself, cannot furnish the basis for an inference of contributory negligence.

In the case at bar the negligence alleged against the defendant

was in permitting the decedent to stand upon the rear platform and refusing to permit him to enter the car. Ordinarily it is a question of fact whether the mere circumstance that the person injured was riding on the platform of the car instead of taking a seat within, is contributory negligence. (*Ward* v. *International R. Co.,* 206 N. Y. 83; *Kleffmann* v. *Metropolitan Street R. Co.,* 116 App. Div. 334; *Depew* v. *New York City R. Co.,* 112 id. 260.) But as the defendant compelled the decedent to ride upon the rear platform, an inference of contributory negligence cannot be drawn from that fact. We, therefore, reach the conclusion that neither the intoxication of the decedent nor his riding upon the platform can afford a basis from which the inference of contributory negligence can be drawn.

But these are not all the facts and circumstances in the case, and I think that the decedent was not relieved by his voluntary intoxication from the duty of using such care as he was capable of using, and upon the evidence the question of contributory negligence still remained for the jury.

The plaintiff's evidence is that the conductor compelled the decedent to ride upon the platform; but the conductor did not control his conduct there nor the place where he stood upon the platform. He stood near the edge of the platform, holding an American flag out beyond the line of the car so that the wind would catch it, in a position so insecure that the ordinary oscillation of the car in rounding a curve threw him out. At this time the conductor was in the interior of the car. Upon the evidence the jury might have found that decedent was capable of taking some care, and whether he exercised such care was a question for them to decide.

It is difficult to say from the charge what duty the jury were instructed that the defendant railway company owed to the decedent. Obviously that depended in part upon the condition of the decedent as it appeared to the conductor. In one part of the charge this is stated to be ordinary care and diligence; in another part of the charge the jury were instructed that the question submitted to them was whether the defendant was " guilty of such gross negligence as was equivalent to intentional mischief." Of course, contributory negligence is not a defense to an action founded on " inten-

tional mischief." But there is nothing in the case upon which to base a finding that the conduct of the conductor amounted to intentional mischief. If the charge that the jury could not find contributory negligence was predicated on the assumption that the defendant was guilty of such gross negligence as amounted to intentional mischief, it was, in view of the state of the evidence, an error; and, as I have said, if the jury were instructed that they could not find contributory negligence on the hypothesis that the defendant failed in the exercise of ordinary care, it was equally erroneous.

The negligence of the defendant railway company is at the best questionable. What should the conductor have done? He owed a duty to the other passengers as well as to the decedent. Should he have admitted into a car full of passengers three men two of whom were apparently under the influence of liquor and were carrying bags of clams and fish poles? The other passengers might well have complained of this. Should he have put the decedent off into the street? If he did this he had to steer between alternate dangers. On the one hand are cases holding that an intoxicated man has a right to ride with a common carrier unless so drunk as to be offensive or dangerous or a nuisance to others. (*Milliman* v. *New York Central & Hudson River R. R. Co.,* 66 N. Y. 642; *Putnam* v. *Broadway & Seventh Ave. R. R. Co.,* 55 id. 108.) On the other hand are cases holding a railroad company liable for ejecting a drunken man unless placed in a position of safety. (*Gill* v. *Rochester & Pittsburgh R. R. Co.,* 37 Hun, 107; *Fagan* v. *Atlantic Coast Line R. R. Co.,* 220 N. Y. 301.) In this case the conductor, exercising his judgment on the appearances before him, left him standing on the back platform with a sober friend and two or three other passengers. Whether this was negligence depended in part on the degree of intoxication as it appeared to the conductor. The conductor had to act on appearances. I am inclined to think that it was a question of fact whether the conductor exercised due care.

I think that the evidence presented to the jury a question of fact as to the negligence of defendant Betts. It cannot be said as matter of law that under the circumstances the chauffeur was chargeable with knowledge of the object lying

in front of his car on the road in time to avoid it by the exercise of care.

On the appeal of the defendant railway company the judgment against it should be reversed and a new trial granted, with costs to abide the event. On the appeal of the plaintiff the judgment in favor of defendant Betts should be affirmed, with costs. The appeal of the defendant railway company from the judgment in favor of defendant Betts should be dismissed.

JENKS, P. J., RICH, PUTNAM and JAYCOX, JJ., concur.

The judgment against the defendant railway company, and the order denying motion for a new trial, are reversed, and a new trial granted, costs to abide the event. On the appeal of plaintiff, the judgment and order in favor of defendant Betts are unanimously affirmed, with costs. The appeal of the defendant railway company from the judgment and order in favor of the defendant Betts is dismissed.