AMELIA M. FARDETTE, as Administratrix of the Estate of BRENTWOOD F. FARDETTE, Deceased, Respondent, *v.* NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant, Impleaded with Another.

*Negligence — railroads — when railway company which permits intoxicated passenger to ride on platform liable for his death where he is thrown off by a jerk of the car and killed.*

*Fardette v. N. Y. & Stamford Ry. Co.*, 198 App. Div. 943, affirmed.

(Argued May 5, 1922; decided May 31, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 29, 1921, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Plaintiff alleged that her intestate, Brentwood F. Fardette, was on the 15th day of April, 1917, lawfully and rightfully riding on one of the trolley cars of the defendant railway company along the Boston Post road in the town of Mamaroneck, Westchester county; that at the time decedent entered the car he was, as defendant railway company at that time knew, so intoxicated as to render himself insensible to the conditions surrounding him, and to any and all dangers to which he was exposed; that, with full knowledge of decedent's condition, defendant railway company caused and permitted plaintiff's intestate to ride upon said car, collected his fare thereon from him, and caused and permitted him, to ride upon the rear

uninclosed platform of the car in a position of great danger of falling off from said platform; that the decedent was at that time so intoxicated as to render himself insensible to the dangers to which he was exposed in said position, and that while the decedent was so riding on the car defendant carelessly and negligently caused the said car to be operated at an excessive, rapid and dangerous rate of speed, and caused the car to be operated around a curve in the track at such rapid, dangerous and negligent rate of speed as to cause the car to give a violent jerk and jolt, whereby the decedent was precipitated from the said car and hurled upon the roadway with great force and violence. As a result of being thrown from the car, the decedent struck the ground with such force as to cause him to be rendered dazed and unconscious and unable to take care of himself and arise from the ground where he had been thrown, and that while decedent was on the ground an automobile ran over his prostrate body, causing him to receive injuries from which he died.

*Eugene F. McKinley, Ralph P. Buell* and *John B. Knox* for appellant.

*Sydney A. Syme* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.