HELEN KELLY, as Administratrix, etc., of JAMES KELLY, Deceased, Appellant, v. THOMAS E. MURRAY, JR., as Receiver of the INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.— Action for wrongful death as a consequence of plaintiff's decedent being run over by a subway train of the defendant while it was entering a subway station. Judgment dismissing the complaint reversed on the law and a new trial granted, with costs to abide the event. Under the facts of this case the doctrine of " the last clear chance " is not available to the plaintiff as there is no proof that the defendant's motorman had actual knowledge of decedent's peril; nor was there proof of negligence so reckless as to betoken indifference to such knowledge. However, there was *prima facie* proof which made a jury question as to negligence of the motorman because of his failure to heed the signal of the witness Adickes, and to stop the train before it ran over the body of plaintiff's decedent. A jury could find defendant negligent if it believed (a) that the signal was given; (b) that the motorman saw or should have seen the signal; (c) that the signal was an intelligible indication that conditions existed which required the stoppage of the train, and (d) that the signal was given at a time which, in the

exercise of ordinary care, would have enabled the motorman to stop the train before it reached the body of the decedent, then lying on the tracks. (*Brophy* v. *Murray*, 255 App. Div. 838.) Lazansky, P. J., Carswell and Close, JJ., concur; Hagarty and Adel, JJ., dissent and vote to affirm the judgment.