In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to the Real Property Extending from 157th Street to Laurelton Parkway, to Be Known as Cross Island Parkway, in the Borough of Queens, City of New York, Duly Selected as a Site for Park Purposes and Approved According to Law. AXINN & SONS LUMBER Co. INC., Appellant; THE CITY OF NEW YORK, Respondent.— Final decree, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

In the Matter of the Application of WILFRED M. THOMPSON, PERCY I. ELIAS, ALEXANDER MACMURRAY, JESS NAGLER, HARRY J. FLEMING, DANIEL MORIARTY, EMANUEL MATKOWSKY and J. CHARLES ZIMMERMAN, Candidates Aggrieved, Appellants, against LUDWIG M. WILSON, as Candidate for City Judge in the Nominating Petition Filed under the Name of Citizens Tax Reduction Party, Respondents, and LEAH M. WILSON, PAUL J. SIEGENER and JACOB J. GOLDMAN, as a Committee to Fill Vacancies Designated in Said Petition Filed under the Name of Citizens Tax Reduction Party, Respondents, and GEORGE C. WHITBREAD, LORENZO C. CARLINO, RAYMOND A. SWEENEY, JEROME O. GLUCKSMAN, FRANK S. SUMMER, and DANIEL MORIARTY, as Candidates in the Independent Nominating Petition Filed under the Name of the Citizens Tax Reduction Party, Respondents, and WILLIAM G. MEISSER and PHILIP N. KRUG, as Commissioners of Election of the County of Nassau, State of New York, Respondents.— The parties having agreed in open court that this appeal may be decided by a court of four justices, the decision is as follows: Order, in so far as appealed from, affirmed, without costs. No opinion. Hagarty, Carswell, Adel and Taylor, JJ., concur.

MAY KEEFER, as Administratrix, etc., of CARL J. KEEFER, Deceased, Respondent, v. KATHARINE M. DAUM, Appellant.— Appeal by defendant, in an action for wrongful death, from a judgment in favor of plaintiff, entered on a jury verdict, and from an order denying defendant's motion to set aside the verdict and for a new trial. Judgment and order unanimously affirmed, with costs. The evidence sustains a finding of negligence on the part of the defendant and of freedom from contributory negligence on the part of plaintiff's intestate. The latter's intoxication did not constitute contributory negligence as matter of law in the circumstances, and defendant's negligence was a proximate and the responsible cause of the accident (Fagan v. Atlantic Coast Line R. R. Co., 220 N. Y. 301, 312; Leeds v. New York Telephone Co., 178 id. 118, 121, 122; Rider v. Syracuse R. T. Ry. Co., 171 id. 139, 150), and the jury were properly charged on that subject. The court, having charged the jury substantially as requested by defendant, was not required to adopt the language of the request. (Mullins v. Siegel-Cooper Co., 183 N. Y. 129, 140; Holbrook v. Utica & Schenectady R. R. Co., 12 id. 236, 244, 245.) Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

JOHN LEVER, Suing on Behalf of Himself and All Other Stockholders of R. HOE & Co., INC., Appellant, v. GUARANTY TRUST COMPANY OF NEW YORK, RALPH A. STEPHENSON and Others, as Trustees in Liquidation of GUARANTY COMPANY OF NEW YORK, a Dissolved Corporation, and Others, Respondents, and Others, Defendants.— In a stockholder's derivative action, order granting motion of the defendants-respondents for judgment dismissing the complaint as to them, pursuant to rule 107 of the Rules of Civil Practice, subdivisions 5 and 6, order and judgment unanimously affirmed, with ten dollars costs and disbursements. In the light of the appellant's admitted abandonment of the second cause of action,