In an action to recover damages for alleged negligence on the part of the defendant, resulting in the death of plaintiff’s intestate, judgment in favor of plaintiff reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. In charging the jury with respect to the doctrine of “ last clear chance ” the trial court charged that “ if the jury finds that the defendant was so reckless in its corase of conduct as to show an indifference to knowledge, the jury may accept that as the equivalent of knowledge.” While this charge was correct as a matter of abstract law (Woloszynowski v. New York Central B. B. Co., 254 N. Y. 206; Elliott v. New York Bapid Transit Corp., 293 N. Y. 145), the charge was, nevertheless, erroneous, since there was no proof of facts sufficient to sustain a finding that defendant’s conduct was so reckless as to betoken indifference to knowledge. (Cf. Fardetie v. New York & Stamford B. Co., 190 App. Div. 543; Kelly v. Murray, 257 App. Div. 863; Murray V. Norwood, 192 N. Y. 172.) If the verdict in favor of plaintiff is based on such a finding, it is contrary to the evidence. Carswell, Acting P. J., Adel, Nolan and Sneed, JJ., concur. [See post, p. 976.]