Elsie OLSEN, as Administratrix of the Goods, Chattels and Credits of Ingolf Olsen, Deceased, Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

United States District Court
S. D. New York.

May 12, 1964.

George J. Engelman, New York City, for plaintiff.

Gerald E. Dwyer, by Henry W. Herbert and C. Austin White, New York City, for defendant.

BONSAL, District Judge.

This is a diversity action under the New York Wrongful Death Statute [1] brought by the widow of Ingolf Olsen who drowned after falling into the East River from defendant's Tug 15 on June 11, 1959. After trial, the jury returned a general verdict for plaintiff of $27,820. Defendant has moved under Fed.R.Civ.P. 50(b) for an order setting aside the verdict and, alternatively, for judgment in its favor or for a new trial.

Defendant's motion is denied.

The evidence presented to the jury was sufficient to raise the issue of defendant's negligence and the jury found that defendant was negligent. It is immaterial whether this negligence was prior to Olsen's falling overboard or in the rescue operations so long as the jury found, as it did, that the negligence was a proximate cause of Olsen's death.

1. New York Decedent Estate Law, McKinney's Consol. Laws, c. 13, §§ 130–134. Claims for negligence under the Jones Act and for unseaworthiness were dismissed during the trial.

The jury was instructed that if it found contributory negligence on the part of Olsen this would act as a bar to his widow's recovery.[2] Testimony of a toxicologist from the New York City Department of Health was introduced by plaintiff. The toxicologist testified that he had performed an autopsy on Olsen's body when it was recovered, which revealed a quantity of ethyl alcohol in his brain, which, in his opinion, was sufficient to show that Olsen was intoxicated prior to his drowning and that such condition would have been apparent to others. The jury requested a supplemental instruction "as to whether intoxication per se on the part of Mr. Olsen is to be considered as contributory negligence", and was instructed that "intoxication per se is not contributory negligence, but it is a factor which you may consider with all the other factors in determining whether Mr. Olsen took reasonable precautions for his own safety". The jury apparently found that defendant failed to sustain its burden of proving Olsen's contributory negligence. N.Y.D.E.L. § 131.

Whether Olsen underwent any pain and suffering prior to his drowning was a question of fact for the jury's consideration on all the circumstances presented in the evidence. Meehan v. Central Railroad Company of New Jersey, 181 F.Supp. 594, 625–626 (S.D. N.Y.1960).

It was immaterial whether Olsen's presence on Tug 15 was contrary to Coast Guard regulations or defendant's rules. He was invited on the tug by its Captain and, once there, defendant owed him a duty of reasonable care. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959).[3]

Finally, defendant contends that the verdict of $27,820 was excessive, emphasizing Olsen's prior background and habits. In the Court's opinion, the verdict was "fair and just compensation for the pecuniary injuries, resulting from [Olsen's] death, to the person or persons, for whose benefit the action is brought", N.Y.D.E.L. § 132, and is not excessive under all of the circumstances developed on the trial.

Defendant's motion is denied.

It is so ordered.

---

2. N.Y.D.E.L. § 131. Groonstad v. Robbins Repair Co., 236 N.Y. 52, 139 N.E. 777 (1923); Spinelli v. Seatrade Corp., 277 App.Div. 992, 99 N.Y.S.2d 945 (2d Dept. 1950). New York law determines the effect of Olsen's contributory negligence. United New York Pilots Ass'n v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959); cf. Kossick v. United Fruit Co., 365 U.S. 731, 739–740, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961).

3. Under New York law the maritime rule stated in Kermarec would define defendant's duty of care toward Olsen. Riley v. Agwilines, Inc., 296 N.Y. 402, 73 N.E. 2d 718 (1947); Kuhn v. P. J. Carlin Const. Co., 274 N.Y. 118, 8 N.E.2d 300 (1937).