JAMES LONGACRE, an Infant, by FREDERICK V. D. LONGACRE, His Guardian ad Litem, Appellant, *v.* YONKERS RAILROAD COMPANY, Respondent.

Negligence — railroads — injury to child five years of age from jumping from front platform while car was in motion — when parents and nurse to whom child was intrusted not guilty of contributory negligence — failure of motorman to do anything to prevent accident — railroad bound to use reasonable care to protect passenger unable to care for himself — when evidence of rule of company incompetent to prove negligence on its part — erroneous charge as to result of failure to call witness.

1. Where, in an action to recover for injury to a child five years of age through his jumping from the front platform of a trolley car while it.was in motion, there was evidence from which a jury could find that a nurse, who had charge of the plaintiff and his brother, was competent, that she made due efforts to control the boys and to get them back from the platform when they escaped from her and ran out and that she was in pursuit of them to bring them back when the accident happened, it cannot be said as matter of law that the parents were guilty of negligence in intrusting their children with the nurse or that she was guilty of negligence in not trying to control them and keep them off the platform.

2. In such an action, where it appears from the evidence that the children several times ran out upon the front platform and that the motorman not only made no effort to keep them off or to protect them from danger by closing the doors but encouraged their advances by laughing and talking with them, a jury could fairly say that the motorman ought to have recognized that the situation which he was

permitting to arise was potential in danger to the children and when he failed to do any reasonable thing to prevent such an accident as happened he fell short of the reasonable care which the railroad was bound to use for the protection of a passenger unable to care for himself.

3. Evidence that prior to the accident an order or rule of the company was posted directing motormen to keep the doors to the front platform of cars closed is incompetent to prove negligence on the part of defendant where, on its face, it shows that it had no reference to the prevention of such an accident as the present one but was manifestly designed to prevent interference with the motorman by passengers.

4. It was error for the court to charge in effect that owing to the failure of defendant to call a certain witness the jury might consider that the testimony that such witness would have given, if called, would be unfavorable to defendant, where the witness legally was a stranger to defendant and was in court as much subject to the call of the plaintiff as of the defendant.

*Longacre* v. *Yonkers Railroad Co.*, 202 App. Div. 845, modified.

(Argued April 26, 1923; decided May 29, 1923.)

Appeal from a judgment, entered September 11, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Thomas J. O'Neill, Leonard F. Fish* and *F. Herbert Wadsworth* for appellant. The defendant was negligent in permitting the vestibule side doors upon both the right and left of the motorman, between the motorman's platform and the street, to be open; and also negligent in permitting the sliding doors between the motorman's platform and the body of the car to be open; and negligent in failing to close and latch these doors while carrying children, with knowledge that the children were running up and down upon the inside of the car and out upon the motorman's platform. (*Western R. Co.* v. *Deitch,* 136 Ga. 46; *Parker* v. *R. R. Co.,* 207 Penn. St. 438;

*Pittsburgh Ry. Co.* v. *Caldwell,* 74 Penn. St. 421; *Levin* v. *R. R. Co.,* 194 Penn. St. 156; *Wells* v. *N. Y. C. R. R. Co.,* 25 App. Div. 367; *Buckley* v. *Ry. Co.,* 212 N. Y. 440; *Sweet* v. *Perkins,* 196 N. Y. 492; *Railway Co.* v. *Kellogg,* 94 U. S. 469.) The rules of the defendant were admissible in evidence and tended to show the necessity of keeping the doors closed. (*McGrath* v. *R. R. Co.,* 59 N. Y. 468; *O'Reilly* v. *R. R. Co.,* 82 App. Div. 492; *Dolan* v. *R. R. Co.,* 71 N. Y. 258; *Wailber* v. *R. R. Co.,* 8 App. Div. 286; *Waldell* v. *R. R. Co.,* 4 App. Div. 552; *Larson* v. *El. Ry. Co.,* 212 Mass. 262; *Becker* v. *Traction Co.,* 52 Penn. Sup. Ct. 92; *Shawnee* v. *Traction Co.,* 153 Penn. St. 1189; *Chicago R. R.* v. *Kelly,* 75 Ill. App. 490; *Cincinnati R. R.* v. *Altermeyer,* 60 Ohio St. 10; *O'Neil* v. *Lynn,* 155 Mass. 371.) There was no negligence upon the part of the mother of the plaintiff or upon the part of the maid; and, in any event, no negligence which was imputable to the plaintiff. (*Stackus* v. *R. R. Co.,* 79 N. Y. 364; *Smith* v. *O'Connor,* 48 Penn. St. 218; *Sullenberger* v. *Traction Co.,* 33 Penn. Sup. Ct. 12.)

*Alfred T. Davison, Addison B. Scoville* and *Alex. R. Jones* for respondent. The defendant was in no way negligent and the complaint was properly dismissed as a matter of law. (*McGrath* v. *N. Y. C. & H. R. R. R. Co.,* 59 N. Y. 468; *Elias* v. *L. V. R. R. Co.,* 226 N. Y. 154; *Longacre* v. *Yonkers R. R. Co.,* 191 App. Div. 770; *Cleveland* v. *N. J. Steamboat Co.,* 125 N. Y. 299; *Ayers* v. *Rochester Ry. Co.,* 156 N. Y. 104; *Eaton* v. *N. Y. C. & H. R. R. R. Co.,* 195 N. Y. 267; *Paul* v. *Consolidated Fireworks Co.,* 212 N. Y. 117, 121; *Gaines* v. *City of New York,* 215 N. Y. 533; *McKenzie* v. *Waddell Coal Co.,* 89 App. Div. 415; *Gainer* v. *Hines,* 194 App. Div. 21; *Nicholls* v. *City of New York,* 128 App. Div. 532; *Ryan* v. *Cortland Carriage Goods Co.,* 133 App. Div. 467, 469; *Sharot* v. *City of New York,* 177 App. Div. 869; 226 N. Y. 679; *Pyne* v. *Cazenovia Canning Co.,*

220 N. Y. 126.) The plaintiff's evidence conclusively shows that the mother of the plaintiff and also the so-called nurse were guilty of contributory negligence. (*Hartfield* v. *Roper*, 21 Wend. 615; *Morrison* v. *Erie Railway Co.*, 56 N. Y. 302; *Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. 455; *McGarry* v. *Loomis*, 63 N. Y. 104; *Jacobs* v. *Koehler S. G. Co.*, 208 N. Y. 416; *Weil* v. *Dry Dock, E. B. & B. R. R. Co.*, 119 N. Y. 147; *Savage* v. *Illinois Central R. R. Co.*, 164 Ill. App. 634; *The Burgundia*, 29 Fed. Rep. 464; *Hennessey* v. *Bklyn. City R. R. Co.*, 6 App. Div. 206; *Wallace* v. *Casey Co.*, 132 App. Div. 35; *Manion* v. *Richmond Ice Co.*, 133 App. Div. 254; *Albert* v. *Albany Ry. Co.*, 5 App. Div. 544; 154 N. Y. 780.) The trial court committed error in its charge to the jury relative to the failure of the defendant to call as witnesses the passenger Esther Rosenthal and the conductor Shannon. (*Perlman* v. *Shanck*, 192 App. Div. 179; *Bleecker* v. *Johnston*, 69 N. Y. 309; *Reehill* v. *Fraas*, 129 App. Div. 563; *Yula* v. *N. Y. & Q. C. R. R. Co.*, 39 Misc. Rep. 59.)

HISCOCK, Ch. J. The question to which we ultimately come in this case is the one whether plaintiff's complaint should have been dismissed or a new trial granted.

The defendant operates a trolley road. Under the care of a young woman who acted as their nurse or attendant the plaintiff and his brother became passengers on one of the defendant's cars. The two boys were respectively five and seven years of age. After they got on the car they became unruly and their attendant was unable fully to control them. Their unruliness first took the form of running out upon the rear platform of the car but the conductor speedily put an end to this by driving them back into the car and closing the doors. They then directed their movements to the front platform and several times, estimated by various witnesses at from three to six or seven, they went out upon this platform. The motorman not only made no effort to

keep them off or to protect them from danger by driving them back or by closing either the vestibule doors or the doors opening upon the platform, but he rather encouraged their advances by laughing and talking with them. When the car was a short distance from the terminus and its speed slowed down the children ran out on the platform and, his brother having jumped off, plaintiff followed his example and was thrown back under the car and injured.

There was evidence from which a jury could find that the nurse or attendant was competent enough so that it was not negligence for the father and mother to intrust her with the boys. She had ridden on a trolley car three or four times before this with one boy but never with both of them. According to the evidence most favorable to the plaintiff a jury could also say that she made due efforts to control the boys and to get them back from the platform when they escaped from her and ran out and that on the final occasion when the accident happened she was in pursuit of them to bring them back. We are, therefore, all agreed that it cannot be said as matter of law that the parents were guilty of negligence in intrusting their children with the girl or that she was guilty of negligence in not trying to control them and keep them off the platform.

The more debatable question is whether the defendant was guilty of negligence in not foreseeing some such accident as finally happened and in not making some effort to protect the children from it. The majority of the court take the view that these questions must be answered in favor of the plaintiff.

In view of the mischievous disposition which the children displayed in running out on the platform we think a jury could fairly say that the defendant's employee ought to have recognized that the situation which he was permitting to arise was potential in danger to the children and that they were liable either to fall from

the platform or to do just as they did — jump from it as the car approached its terminus and the speed was abated. It did not require unreasonable foresight to see that a prankish child running back and forth as these children did might finally fall into trouble either through slipping or deliberately jumping from an open platform.

Reaching this decision of this question the next one becomes the one whether defendant, in the exercise of reasonable care, ought to have done something to avert danger and prevent such an accident as happened. This question in the discussion of counsel is largely made to depend upon the answer to the inquiry whether the motorman ought to have closed either the platform or the vestibule doors. Counsel and the court seem to have settled upon this step as the one to be taken, if any was, and it is argued by the defendant that it was under no obligation to have vestibule doors and was under no obligation to keep either set of doors closed. This, we think, places too narrow a phase upon the question of defendant's liability. The real and full question is whether the defendant's employees when they saw two young children escaping from their attendant and running about the car ought to have done some reasonable thing to prevent such an accident as happened. It was not bound to take the particular step of closing the vestibule doors or of closing the doors leading to the platform or of driving the children back into the car or of putting them off of the car. Undoubtedly it had the choice of any of these methods which would be effective, but we think that a jury had the right to say that when it failed to exercise any of them it fell short of reasonable care. Of course a railroad is not bound to construct or operate its cars for the purpose of safely carrying unruly children or drunken adults. They are both obnoxious to public convenience and proper transportation. But when it elects to take on board of one of its cars such a passenger it is bound to use reasonably

adequate care for his protection or else to eject him from the car. (*Fardette* v. *N. Y. & S. Ry. Co.*, 233 N. Y. 660.)

In addition to these questions involving the merits, two other questions arose in connection with the admission of some evidence and a charge made by the trial judge.

Plaintiff was permitted to give evidence that prior to the accident an order was posted in the defendant's barn which provided, according to one witness, " that these doors (referring to the doors opening upon the platform) should be closed to keep people from riding on the platform under suspension of the motorman," and which, according to another witness, read " that any motorman found with his doors open allowing passengers in or out the front, would be suspended." This rule was admitted in evidence for the purpose of proving negligence on the part of the defendant toward this plaintiff, but we think improperly so.

In the first place there may be a question whether a private rule such as this promulgated by an employer for the guidance of his employees is evidence against the former. As is well argued by respondent's counsel the more cautious an employer is and the more carefully he regulates the conduct of his employees, even though far beyond what the law requires, the more subject he will be to liability because some employee fails to obey the rule. But however this may be we think the rule on its face shows that it had no reference to the prevention of such an accident as was the present one. Manifestly the rule was designed to prevent interference with the motorman caused by passengers standing upon his platform or going in and out of the car by that method. The evidence in our judgment was incompetent.

The trial judge made a clear mistake in his instructions to the jury concerning the failure of the defendant to call one of two witnesses. This witness legally was

a stranger to the defendant. She was called on a prior trial and was in court on the present trial. Defendant's counsel explained his failure to call her by stating that he believed that some of the evidence which she had given on a prior trial was untrue and that, therefore, he believed it was his duty to refrain from calling her again. But independent of this explanation she was in court as much subject to the call of the plaintiff as of the defendant and yet, under these circumstances, the court charged in respect of her " that where there is a witness available or under the control of a party in a case, and that party having control of the witness, having such a witness available, fails to call such a witness who is competent to give material evidence upon an issue in the case, the jury may say that if such a witness were called the testimony given by that witness would be unfavorable to the party having such a witness under its control and failing to call him or her." And farther that the explanation given by defendant for not calling this witness " should be taken into consideration and given such weight as you think they are entitled to when you consider the bearing of that, the failure to call those witnesses in this case." Defendant's counsel having objected to this charge the plaintiff's counsel endeavored to persuade the trial justice to withdraw it, but he declined to do this or to alter what he had said. In this he was in error. No such rule as was stated by him applies to such a situation as the one which was presented in respect of this person. (*Hayden* v. *New York Railways Co.*, 233 N. Y. 34.)

Neither was the error one which we should regard as immaterial. That this case is not a clear one for the plaintiff on its merits or free from questionable features is sufficiently evidenced by the fact that a prior verdict in favor of the plaintiff was set aside as against the weight of evidence (191 App. Div. 770), and when, under such conditions, the trial court permitted the plaintiff to

have all the benefits of favorable evidence simply because the defendant did not call a witness who was just as available to the plaintiff as to it, it could scarcely fail to exercise a substantial influence upon the jury.

We think, therefore, that there was ample reason for reversing the judgment but, feeling as we do about the right of the plaintiff to go to the jury, we are brought to the conclusion that the judgment should have been one of reversal and providing for a new trial rather than dismissing the complaint, and the judgment should, accordingly, be modified, with costs to abide event.

HOGAN, POUND, CRANE and ANDREWS, JJ., concur; CARDOZO and McLAUGHLIN, JJ., dissent.

Judgment accordingly.