## Roland et al. v. Coleman.

January 14, 1947.

Davis, Boehl, Viser and Marcus and Bradley & Bradley for appellants.

J. C. McKnight and Thomas K. Shuff, Jr. for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

On January 23, 1945, the appellee, Bobby Coleman, then 11 years of age, was injured while alighting from a school bus owned by the appellants and operated by them under contract with the Scott County Board of Education. This action resulted in a judgment in favor of appellee in the sum of $1,598.75, from which this appeal was taken.

There is little dispute about the facts, which are as follows: On the day of the accident the appellee had been driven from school to the bus stop where he customarily got off to go to his home. As he approached the door, which is located at the right front of the bus immediately to the right of the driver's seat, he placed his hand above the door and attempted to step to the ground. A ring, which was on the third finger of his right hand,

caught on a shelf formed by a metal reinforcement bar, and the weight of his body caused the ring to tear the skin from his finger and so injured it that an amputation was necessary. This bar extends around the entire interior of the bus and is made of steel, in the shape of an angle iron. The distance from the bottom step of the bus to the top of the door is about 5½ feet. When the door of the bus is open this angle iron forms a shelf approximately 1″ wide over the top of the door, and it was on this shelf that appellee's ring was caught.

The basis of this action is the claim that appellants were negligent in permitting this school bus to be operated with the protruding metal bar which made it unsafe for the passengers. This is the only claim of negligence. The bus was standing still at the time of the accident and it is not claimed that the injury was due to a sudden movement of the bus or due to any negligence on the part of the driver. The whole case must turn on the question of whether the bus was so constructed that it was unsafe for school children. There is evidence to the effect that the appellee was injured because he attempted to swing himself from the bus by holding on to the angle iron instead of alighting in the usual manner. He denies this, saying that he merely placed one hand above the door as an aid in stepping from the bus. Several of the other school children testified in the case, some of them saying that in alighting from the bus it is necessary to place a hand over the door or on the side of the bus when stepping therefrom. It is shown that this bus had been in operation over this same route approximately two years without mishap, but it is also shown that the other school busses operated by the appellant are not equipped with similar metal reinforcement bars. No witness testified that this metal reinforcing piece was out of repair or faultily constructed.

We do not think that the court should place upon the owners of school busses the burden of discarding usable equipment as more modern equipment appears upon the market. Ordinarily there is no duty upon the carrier to furnish the latest, best and safest appliances, or to discard reasonably safe appliances upon discovery of later improvements. See Chicago & Northwestern R. Co. v. Bower, 241 U. S. 470, 473, 36 S. Ct. 624, 60 L. Ed. 1107. Under this rule we are not prepared to say that the bus

owners were negligent in permitting this particular bus to be operated.

Turning now to the degree of care which appellants owed to its passengers, keeping in mind that all of them are school children and that the appellee is only 11 years of age, we find the rule to be, as stated in 10 Am. Jur., page 98, section 1104: "A carrier of passengers is bound, in the operation of its cars, to exercise a high degree of care and watchfulness to prevent young children riding thereon from falling off, the degree of care and the precautions requisite depending upon the circumstances of each case." To the same effect see the editor's comment in the annotation to Longacre v. Yonkers R. Co., 236 N. Y. 119, 140 N. E. 215, 28 A. L. R. 1030, at page 1035. An examination of this annotation shows that the question involved finally resolves itself into determining whether or not, under the circumstances of the given case, the carrier should have anticipated and guarded against the accident which actually occurred. That is, whether the carrier was guilty of negligence in not foreseeing some such accident as finally happened and in not making some effort to protect the children from it.

Many cases are cited by the parties, but it would serve no purpose to review them here. It will be noted that the courts have determined each case upon its own facts and circumstances. We have been unable to find a case which gives us any real assistance, due undoubtedly to the fact that the accident resulting in the injuries complained of is a most unusual one. However, the case of Bowling Green-Hopkinsville Bus Co. v. Edwards, 248 Ky. 684, 59 S. W. 2d 584, is similar. There the passenger on the bus was struck in an eye by a small stone which in some way was cast through an open window of the bus. The bus was being operated over a loose rock or gravel road and was passing a truck going in the opposite direction at the time the accident occurred. Presumably the truck caused one of the small stones to fly through the open window. An attempt was made to recover from the bus company on the theory that it should not have operated the bus over this loose rock road with the windows open and that the bus operator should have anticipated that such an accident might happen. We said, however, that under those facts the carrier was

not negligent, since such an injury could not have been reasonably anticipated or foreseen as a natural and probable consequence of leaving a window open.

It seems to us that the injury of the appellee was caused by an accident which could not have been foreseen even in the exercise of a high degree of care and watchfulness which the law places upon the carrier of young children. To sustain the judgment we would be forced to say that the appellants should have foreseen that a passenger would wear a ring, would grab the reinforcement bar and hang the ring thereon just as the appellee did. However, the law does not require a carrier such as this one to anticipate or guard against consequences which no reasonable man could expect to occur. It follows from what we have said that the lower court should have sustained appellant's motion for a peremptory instruction, and the case must be reversed for proceedings consistent herewith.

Judgment reversed.