■ ESTHER ABADY, Individually, and as Administratrix of the Estate RAYMOND ABADY, Deceased, Appellant, v. PENNSYLVANIA RAILROAD COMPANY, Respondent.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from a judgment in favor of respondent entered upon a dismissal of the complaint at the end of appellant's case. The proof warrants a finding that the intestate had been a passenger on respondent's train and died as the result of a fall therefrom. There was no proof, however, as to the cause of the fall or the reason for the accident. Judgment affirmed, with costs. Affording appellant the benefit of every favorable inference from the evidence, we are of the opinion that there was no proof whatsoever of any negligence on the part of respondent. A safety rule allegedly promulgated by respondent was properly refused admission into evidence (*Longacre* v. *Yonkers R. R. Co.*, 236 N. Y. 119, 125; *Renoud* v. *City of New York*, 251 App. Div. 868) and in any event there was no evidence of any violation of that rule by respondent's employees. While a statement made by intestate, shortly after the accident and immediately upon his regaining consciousness, that he " was going to the dining car " might well have been received under the " spontaneous exclamation exception to the hearsay rule " (cf. *People* v. *Del Vermo*, 192 N. Y. 470; *People* v. *Curtis*, 225 N. Y. 519), the error, if any, was not prejudicial. The proffered testimony failed to explain how the accident occurred, nor did it furnish any proof upon which to base an inference that respondent was negligent. Nolan, P. J., Beldock, Murphy and Ughetta, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The exclusion of the spontaneous exclamation, to the effect that the intestate "was going to the dining car ", was, in my opinion, prejudicial error. It was a sufficient basis for a finding of fact that the accident occurred when the intestate was proceeding out of the coach in which he was traveling, intending to enter the dining car which had previously been at the rear of such coach. There was evidence that the dining car had been removed from the rear of the coach, thus making this coach the last car of the train. Under these circumstances, I believe the accident was foreseeable, and respondent should have taken precautions to prevent its happening.

■ ATLANTIC-PACIFIC MANUFACTURING CORPORATION, Respondent-Appellant, v. RALPH QUINNONEZ, as President of Local 1205-International Brotherhood of Teamsters, AFL-CIO, et al., Appellants-Respondents, et al., Defendants.— In an action to enjoin picketing and to recover damages the appeal is (1) by the defendant unions from so much of a judgment, entered after trial, as granted a permanent injunction, and (2) by plaintiff from so much of said judgment as dismissed the cause of action for money damages. Judgment unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [10 Misc 2d 1019.]