■ ROBERT F. DANBOIS, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant, et al., Defendant.—

■ All concur, except Williams, P. J., and McClusky, J., who dissent and vote to reverse and to grant a new trial in the following memorandum: Defendant railroad company appeals from a judgment in favor of plaintiff, who was injured when his automobile ran into the side of one of the cars of defendant's train at a grade crossing on a State highway. On the night in question, it was dark, raining and windy, but for at least 500 feet east of the crossing, from which direction the plaintiff was approaching, the highway was straight and level; there were signs facing the plaintiff's approach, indicating the presence of the crossing. While the headlights of plaintiff's automobile lighted the highway for several hundred feet ahead of his progress, he did not see the train until he was 25 feet away. We feel that under these circumstances, the verdict which found that plaintiff was free from contributory negligence was against the weight of the evidence. He was bound to see what was in plain sight, such as the train upon the crossing and the warning signs; he should have had his car under control at all times. In addition, there is another reason why this judgment should be reversed. There was received in evidence, over defendant's objection, a company rule of the defendant, dealing with the manner and mode of operation of trains over grade crossings which are not protected by a watchman or continuously operated flashing light signals. The trial court charged with respect to this rule, over defendant's exception, that it was for the jury to determine whether or not the rule was evidence of a requirement of care for the company employees or a statement of an ordinary rule of caution for the protection of the public. In effect, the charge gave the jury the power to demand a higher standard of care on the part of the defendant than would be required by reasonable prudence under the circumstances. In any event, the theory that a Judge's charge may cure an error in the admission of such a rule is theoretical and not based on a realistic appraisal. While recognizing that a majority of jurisdictions permit such rules in evidence (see 50 A. L. R. 2d 16–72; 44 Am. Jur., Railroads, § 626; 75 C. J. S., Railroads, § 843; 2 Wigmore, Evidence [3d ed.], § 282, p. 132), we feel that the better reasoned cases are those which exclude such rules. An excellent statement of the reason for such exclusion is to be found in *Fonda* v. *St. Paul City Ry. Co.* (71 Minn. 438, 449) where it was said: "Private rules of a master regulating the conduct of his servants in the management of his own business, although designed for the protection of others, stand on an entirely different footing from statutes and municipal ordinances designed for the protection of the public. * * * But a person cannot, by the adoption of private rules, fix the standard of his duty to others. * * * Such rules may require more, or they may require less, than the law requires; and whether a certain course of conduct is negligent, or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party." While the Court of Appeals has not directly passed upon

this question, the principle has been commented upon favorably in *Longacre v. Yonkers R. R. Co.* (236 N. Y. 119) where it was further pointed out (p. 125) that if such rules were permitted in evidence, the more cautious an employer was, even in excess of what the law required, the more subject he would be to liability because an employee failed to obey the rule (cf. *Guido v. Delaware Lackawanna & Western R. R. Co.*, 4 N Y 2d 981). This court has, in the past, expressly held that such company rules are not admissible in evidence (*Taddeo v. Tilton*, 248 App. Div. 290) as has the Second Department (*Renoud v. City of New York*, 251 App. Div. 851; *Abady v. Pennsylvania R. R. Co.*, 6 A D 2d 803). For the above reasons, the judgment should be reversed and a new trial granted. (Appeal from judgment and order of Jefferson Trial Term for plaintiff in a railroad and automobile negligence action.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.