Gid Hight, Claimant, *v.* State of New York, Defendant.
(Claim No. 36364.)

Court of Claims, August 1, 1962.

*Abraham Kleinberg* and *Harold I. Panken* for claimant. *Louis J. Lefkowitz*, Attorney-General (*Lawrence Wayne* of counsel), for defendant.

John P. Gualtieri, J. On January 15, 1957, the claimant was an inmate of Clinton State Prison at Dannemora, New York. While not pertinent to the issues involved, it appears that the reason for his imprisonment was a narcotics charge; while in

military service years before, claimant then suffering from a malaria disease, was administered large doses of morphine as a result of which he claims to have become a dope addict and eventually he was arrested and imprisoned on this charge.

On January 14, 1957, claimant was admitted to the prison hospital for a hemorrhoidectomy. In preparation for surgery he was administered an enema; on that occasion he was attended by a male nurse throughout the enema procedure.

On the morning of January 15, 1957, a second enema was given this man; the male nurse wheeled the patient to the bathroom, seated him on the toilet bowl and instructed him to remain there until he returned. The male nurse left him in that position unattended.

While thus seated on the toilet bowl unattended, claimant testified that he became nauseated and dizzy and began to black out. The next thing he remembers is regaining consciousness some time later in a hospital bed surrounded by doctors and hospital attendants.

X rays were taken and revealed two fractures of the skull — one in the parietal region, one and one-half centimeters long and a second in the temporal region, two centimeters long. He was confined to the hospital for these injuries from January 15, 1957 until February 13, 1957.

Both the physician who attended the claimant at the time of his injuries and the male nurse are deceased. Claimant called as one of his witnesses Doctor Zygmund Pruski, a physician employed at the State Prison Hospital, who testified from the hospital records concerning claimant's injuries; the entire hospital record is in evidence.

The court is satisfied from the evidence before it that while seated in the prison bathroom as above described, claimant lost consciousness, fell to the floor, resulting in the injuries complained of.

It was testified by Doctor Pruski that the administration of an enema causes a stimulation of the splanchnic nerves which the doctor said can cause fainting and dizzy spells. For that reason Doctor Pruski stated that it was a hospital rule that a patient who has been given an enema should be in the constant attendance of a nurse during the entire enema procedure. The court is giving no consideration to such a rule as a basis for liability for it is well established that private rules made by an employer for the guidance of his employees are not competent evidence against the employer. (*Longacre* v. *Yonkers R. R. Co.*, 236 N. Y. 119, 125.) The court is, therefore, not in any way predicating the State's liability here upon the male nurse's violation

of this rule. Nevertheless, its existence is indicative of the hospital employees' awareness of the dangers to be apprehended and reasonably to be anticipated by leaving a patient undergoing enema procedure unattended. Because of a patient's known susceptibility to fainting and dizzy spells under these circumstances good and proper medical and hospital practice would require that a patient not be left unattended.

The court finds therefore that leaving this claimant unattended was a negligent act on the part of the hospital employees; that said negligent act was the proximate cause of the claimant's fall and the resulting injuries; there is no evidence from which the court can find any contributory negligence on the part of the claimant.

The legal liability of the State is abundantly established by the language of Judge BERGAN's opinion in *McPartland* v. *State of New York* (277 App. Div. 103). In that case the court denied liability on the ground that the sequence of events resulting in claimant's intestate's death could not have reasonably been anticipated by the hospital authorities. Such is not the case here. The State's own doctor admits that what happened to this claimant in connection with the administration of the enema was reasonably to be anticipated and expected. Thus, failure to use proper precautions to protect this prisoner was the proximate cause of his injuries for which he is entitled to be compensated in damages.

The fact that this claimant was a prisoner is of no legal significance so far as the State's responsibility is concerned. Social justice requires, however, that in this situation a person in involuntary confinement be given the same consideration in the subsequent enforcement of his legal rights as any other human being, no more and no less. (*Grant* v. *State of New York*, 192 Misc. 45.)

The claimant was 50 years of age. The fractures of the skull are undisputed. The claimant testified that as a result of these injuries he has suffered headaches, dizziness, loss of smell and impairment of the sense of taste and that he was still suffering from these conditions at the time of the trial.

Doctor Pruski testified that the fractures sustained by the claimant were a competent producing cause of the conditions complained of.

While the court realizes the seriousness of the nature of the injuries testified to by the claimant, it nevertheless has before it no medical evidence except the testimony of the State's doctor, Doctor Pruski. The claimant has consulted no physician since his discharge from the prison on April 1, 1958. Thus, the

court is without the benefit of any direct medical evidence as to the nature and extent of the symptoms complained of nor as to their permanency.

Nevertheless, this claimant did sustain serious head injuries with skull fractures. The State doctor concedes that the conditions of which claimant was still complaining at the time of the trial could result from the injuries which the hospital records disclose.

It is the court's conclusion that because of the negligence of the State of New York and the claimant's freedom from contributory negligence, that the claimant has been damaged in the sum of $15,000 and is entitled to an award against the State of New York in that amount.

The court adopts the claimant's proposed requests to find marked " Found " and initialled by the court; and refuses the claimant's proposed requests to find marked " Refused " and initialled by the court.

The State submitted no proposed findings of fact or conclusions of law.