Ruth E. MONTGOMERY, Appellant,

v.

Lester E. MIDKIFF and Transit Authority of River City (TARC), Appellees.

No. 88–CA–1006–MR.

Court of Appeals of Kentucky.

April 14, 1989.

Discretionary Review Denied by Supreme Court June 21, 1989.

Donald H. Smith, Smith & McGee, Louisville, for appellant.

Allen Button, Gittleman, Bleidt & Barber, Louisville, for appellees.

Before DYCHE, HOWARD and McDONALD, JJ.

HOWARD, Judge.

This is an appeal from a summary judgment granted by the Jefferson Circuit Court in favor of the appellee bus company concerning a motor vehicle collision.

On October 21, 1986, the appellant, Ruth E. Montgomery, was riding in a small bus for the disabled and the elderly, operated by the appellee, Transit Authority of River City (TARC), in Louisville, Kentucky. The bus has a wheelchair lift on the side and a maximum capacity of 28 passengers. The appellant's seat was on the driver's side in the back half of the vehicle. That seat could be flipped up so that a wheelchair could pull in and be locked down with clamps. The bus had accommodations for two additional wheelchairs. There were seat belts provided for each wheelchair space, but these belts would not be used when the seat was flipped down. No seat belts were provided for the other seats.

The TARC bus was involved in a collision with an automobile which allegedly failed to stop for a red light at an intersection. The seat in which the appellant was sitting was forward-facing rather than lateral. When the bus driver, the appellee, Lester E. Midkiff, slammed on his brakes in an unsuccessful attempt to avoid the collision, the appellant fell to the floor, sustaining various injuries.

On February 5, 1987, the appellant filed a complaint against Ernest Jarboe, the driver of the automobile which collided with the bus, and the appellees. The complaint alleged that Jarboe and Midkiff operated their respective vehicles in a reckless, wanton and negligent manner, resulting in the appellant's injuries. On November 2, 1987, the appellant filed an amended complaint in which she alleged that TARC had failed to provide a safe vehicle. The basis of the additional allegation was that TARC was negligent in not providing a seat belt or other restraint or a handrail or other stabilizing structure to which the appellant could have held.

On April 15, 1988, the trial court granted TARC's motion to dismiss the appellant's amended complaint. The appellant and Jarboe reached a settlement in this matter. On April 26, 1988, the trial court dismissed the original complaint against the appellees. This appeal follows.

A common carrier of passengers on a bus owes those passengers the highest degree of care in transporting them to protect them from "dangers that foresight can anticipate and to exercise the utmost skill, diligence and foresight for [their] safety, consistent with the practical operation of his bus." *Wise v. Fannin*, 306 Ky. 327, 207 S.W.2d 764, 765 (1948). *See* 14 Am. Jur.2d *Carriers* § 918. Further, if a common carrier has notice of his passengers' disability or infirmity, the carrier's duty of care is even greater than with passengers who are healthy and not disabled. *Casteel v. American Airways*, 261 Ky. 818, 88 S.W.2d 976 (1935); 14 Am.Jur.2d *Carriers* § 956.

However, "[o]rdinarily there is no duty upon the carrier to furnish the latest, best and safest appliances, or to discard reasonably safe appliances upon discovery of later improvements." *Roland v. Coleman*, 303 Ky. 650, 198 S.W.2d 978 (1947).

There are no cases in Kentucky dealing with negligence and the failure of the common carrier to provide seat belts. There are a few such cases from other jurisdictions.

In *Tiemeyer v. McIntosh*, 176 N.W.2d 819 (Ia.1970), the plaintiff was a passenger in a taxicab which collided with another vehicle. The plaintiff alleged that the cab company's failure to provide seat belts was a proximate cause of her injuries. The court acknowledged the high degree of care required of common carriers. Further, it noted this duty demands that a common carrier provide the best devices then known and in general practical use for the safety of its passengers, although it need not employ every known safety device. The court held that the issue of the cab company's negligence for failing to provide seat belts was properly determined as a question of fact.

Similarly the court in *Benson v. Penn Central Transportation Company*, 463 Pa. 37, 342 A.2d 393 (1975), held that the question of whether a taxicab company was negligent in failing to provide seat belts was for the jury. *Accord Greyhound Lines, Inc. v. Superior Court*, 3 Cal.App. 3d 356, 83 Cal.Rptr. 343 (1970).

The appellees correctly point out that there is no statutory duty for common carriers to provide seat belts. Moreover, the only statute dealing with seat belts is KRS 189.125 which does not mention common carriers. The appellees argue that any court imposition of such a duty would amount to an invasion of the legislature's province.

In *Tiemeyer, supra,* and the other cited cases, the courts did not impose a duty on common carriers to provide seat belts. Rather, the court left it for the jury to decide whether under the circumstances such a failure was a negligent act. These circumstances could vary in many respects including whether the common carrier was a taxicab, a full-size bus, or, as in this case, a smaller bus for the elderly and the disabled. It follows then that a jury's decision could vary, again depending on the type of carrier and the other circumstances. Thus, to suggest that a new duty on common carriers would be judicially imposed is incorrect.

■ We think the rule stated in *Tiemeyer, supra, Benson, supra,* and *Greyhound Lines, supra,* is sound. Some support for this rule can be found in *Wemyss v. Coleman,* Ky., 729 S.W.2d 174 (1987). The Court in *Wemyss, supra,* held that if it can be reasonably inferred from the evidence that (1) the plaintiff's failure to utilize an available seat belt was contributory fault under the circumstances of a motor vehicle accident case and (2) the contributory fault, if any, was a substantial factor contributing to the plaintiff's injuries, the question of the plaintiff's contributory fault should be submitted to the jury. We think that it is logical that if the jury should decide whether the use of a seat belt is contributory fault, the jury should decide whether TARC's failure to provide a seat belt or other stabilizing structure was a substantial factor in contributing to the appellant's injuries.

■ There also is a fact question in regard to whether Jarboe or Midkiff ran the red light. Jarboe claims he did not, while Midkiff asserts that he did not. The passengers in the TARC bus who noticed the signal at the time gave affidavits supporting Midkiff.

Summary judgment "is not a substitute for trial nor is it the functional equivalent of a motion for directed verdict." *Paintsville Hospital Company v. Rose,* Ky., 683 S.W.2d 255, 256 (1985). Summary judgment is appropriate only when it appears impossible for the respondent to produce evidence warranting a judgment in his favor. *Roberson v. Lampton,* Ky., 516 S.W. 2d 838 (1974).

The evidence does not show that it was impossible for the appellant to prevail on either the failure to provide seat belts or which party failed to stop for the light. Consequently, the grant of summary judgment was improper.

The judgment is reversed and remanded.

All concur.